NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ABRAHAM DESSLER, PETITIONER, v. RELIABLE FURNITURE COMPANY, RESPONDENT.

Decided December 6, 1939.

For the petitioner, *David Roskein.*

For the respondent, *Cox & Walburg* (by *Arthur F. Mead*).

\* \* \* \* \* \* \*

The petitioner testified that he was the president of the respondent corporation which operated a furniture store on Market street in Newark. On March 1st, 1938, while he was at the store he was involved in an assault by a thief who entered the store and struck him over the head with some object so that he fell down. He called to an assistant and

told the thief to see this other man to get what he wanted. The thief struck him over the head again and then took him to a room in the store and threw him on a chair. He said he was dazed and when he could do so he went to a back window to call for help. Following this an ambulance arrived and took him to the City Hospital. He was in the hospital for two days and then went to his home where he was under the care of Dr. Wolf, his family doctor, and subsequently he was treated by Dr. Loeser and Dr. Szerlip at the request of the insurance carrier for the respondent. He said that after a few days his left leg pained him so that he could not stand up and while he was being treated by Dr. Wolf he complained of his leg among other things so that an X-ray was taken and his left leg was then put in a cast by Dr. Wolf. He stated that all of this time he had a pain on the top of his head, headaches, and was dizzy and he felt there was a depression in his head where he was struck. About six or seven weeks after the accident he returned to the store but did not work steadily and did not take care of any customers and did not do other than see how the business was going. A few weeks after that he began waiting on customers and was more active in the business at the store but had never returned to his full activities which he did before the accident. He further complains that he can't stand any strain and he has difficulty going up and down stairs and that he wears a knee bandage on his left knee, he has a habit of wrinkling his scalp and face and his nose is dry and he has other difficulties which he enumerated. He does, however, drive his automobile and is active in the management of the business and waits on customers.

\*     \*     \*     \*     \*     \*     \*

I find and determine that the petitioner sustained an accident arising out of and in the course of his employment with the respondent and that there was knowledge of said accident and that said accident caused temporary and permanent disability. I find that the temporary disability which has previously been paid was proper and adequate. The issue seems to be the extent of permanent disability.

It seems to be conceded by all parties that the petitioner sustained an accident arising out of and in the course of his employment, that he was assaulted at his place of business and that when he was assaulted he sustained a concussion. It further appears that the petitioner had for some period of time previously a condition of arteriosclerosis and hypertention with a possible cardiac condition. The petitioner, following the accident and at the present time, has certain complaints with reference to his condition, which complaints to some extent are referable to the condition which he had for a number of years and some complaints which are the aftermath of the concussion. I find that the petitioner as a result of the accident sustained a fracture involving the left leg and a condition of the left knee associated with the fracture. He also sustained a laceration of the scalp and other temporary conditions which cleared up and also a concussion which caused some permanent ill effects and disability. I find the extent of the disability for the aforementioned conditions resulting from the accident to be fifteen per cent. of total.

\*  \*  \*  \*  \*  \*  \*

JOHN C. WEGNER,
*Deputy Commissioner.*